# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERNIE MOJICA** | : | CIVIL ACTION |
| *Petitioner-pro se* | : | |
| | : | NO. 18-2021 |
| v. | : | |
| | : | |
| **MARK GARMAN,** *et al.* | : | |
| *Respondents* | : | |

## O R D E R

**AND NOW**, this 19th day of April 2019, upon consideration of the pleadings and record herein, including, *inter alia*, the petition for writ of *habeas corpus* (the "Petition") filed pursuant to 28 U.S.C. § 2254 by Petitioner Ernie Mojica proceeding *pro se*, ("Petitioner"), [ECF 2]; the responses to the Petition filed by Respondents, [ECF 16, 17]; the state court record; the *Report and Recommendation* issued by United States Magistrate Judge Elizabeth T. Hey ("the Magistrate Judge") which recommended that the Petition be denied as unexhausted and procedurally defaulted, [ECF 18]; and Petitioner's objections, [ECF 22], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* (the "R&R") is **APPROVED** and **ADOPTED**;

2. The objections to the R&R are without merit and are **OVERRULED**;[1]

---

[1] Petitioner was convicted by a jury of two counts each of burglary, criminal trespass, theft by unlawful taking, receiving stolen property and conspiracy. Petitioner was ultimately sentenced to an aggregate term of 10½ to 50 years imprisonment. In his *habeas* corpus petition, Petitioner claims that trial counsel was ineffective. After carefully considering the state record, in the R&R, the Magistrate Judge recommends that the *habeas corpus* petition be denied because his claims are unexhausted and procedurally defaulted. The Magistrate Judge based the default finding on the fact that Petitioner's appeal of the denial of his PCRA petition was dismissed by the Pennsylvania Superior Court for Petitioner's failure to file an appellate brief as ordered. The Magistrate Judge concluded that Petitioner could not show cause for the default and prejudice, nor demonstrate a miscarriage of justice. Though the Magistrate Judge noted Petitioner's assertion that his failure to file a brief was the result of difficulty with jail mail, she rejected the argument as insufficient to establish cause for his default. In his objections, Petitioner asserts that his default is excused under *Martinez v. Ryan*, 566 U.S. 1 (2012). Petitioner is, however, mistaken. Under *Martinez*, a prisoner can obtain review of a procedurally defaulted claim of ineffective assistance of trial

3.  Petitioner's petition for a writ of *habeas corpus* is **DENIED**; and

4.  No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.


**BY THE COURT:**


/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

counsel by showing, *inter alia*, that counsel at the initial-review collateral proceeding was also ineffective, and that the underlying claim of ineffective assistance at trial is "substantial." *Martinez*, 566 U.S. at 13-14. Petitioner fails to make such a showing. Instead, in his objections, he argues that the ineffectiveness of the Prothonotary of the Pennsylvania Superior Court in getting the briefing order to him caused his default, and that the Prothonotary's failure "likens to that of Counsel failing to file a brief." This argument is legally insufficient.

Notably, it was the Magistrate Judge who raised *Martinez*, *sua sponte*, but found that *Martinez* was inapplicable because Petitioner does not argue in the Petition that the ineffectiveness of PCRA counsel caused the default, and because his ineffective-assistance claims were heard by the PCRA court. *See Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014) (noting that *Martinez* may be applicable only in cases where, absent an excusal of the default, "no court – state or federal – would ever review the defendant's ineffective assistance claims."). This Court agrees with the Magistrate Judge. In addition, *Martinez* has not been extended to allegations that *a court* allegedly provided ineffective assistance. Therefore, Petitioner's objection based on the Pennsylvania Superior Court's alleged ineffectiveness is without merit and overruled. This Court further agrees with the Magistrate Judge's conclusions that Petitioner failed to establish cause for the default and prejudice from it, or show a fundamental miscarriage of justice. *See Holloway v. Horn*, 355 F.3d 707, 715 n.3 (3d Cir. 2004) (noting that a federal court may consider the merits of a procedurally defaulted claim only if "the petitioner establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default.") (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). For the reasons noted, this Court finds that the claims in the Petition are unexhausted and procedurally defaulted.

[2]   A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.

2